UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Stokes,

   Plaintiff,

v.

Ampa, Inc. d/b/a The Saloon,

   Defendant.

Case No:

**COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiff Michael Stokes ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Ampa, Inc. d/b/a The Saloon ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff publicizes in order to demonstrate his artistic talents and bring awareness to important social causes.

3. Defendant owns and operates a social media account on Facebook named as "@saloonminneapolis" (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5.      Plaintiff Michael Stokes is an individual who is a citizen of the State of California and maintains a principal place of business in Los Angeles County, California.

6.      Upon information and belief, Defendant Ampa, Inc. d/b/a The Saloon, is a Minnesota corporation with a principal place of business at 830 Hennepin Avenue, Minneapolis in Hennepin County, Minnesota and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.      This Court has personal jurisdiction over Ampa, Inc. d/b/a The Saloon because it maintains its principal place of business in Minnesota.

9.      Venue is proper under 28 U.S.C. §1391(a)(2) because Ampa, Inc. d/b/a The Saloon does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10.     Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to reputable online and print publications.

11.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12.     Plaintiff has achieved international recognition for his photography work

with wounded veterans and his photographic imagery of the male form.

1. Plaintiff's photography work has a following over 948,000 people on Facebook.com, over 180,000 people on Instagram.com, and over 185,000 people on Twitter.com.

2. After achieving international notoriety Plaintiff has become more selective about when and where he posts and/or authorizes for use his original images.

3. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

4. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

5. The Account is associated with Defendant.

6. Defendant has exclusive access to post content on Defendant's Facebook Account.

7. Defendant uses the Account to promote its business and brand whereby Defendant financially benefits from said use.

8. On June 15, 2012, Plaintiff authored a photograph of Frank Mentier, shirtless, with grey sweatpants ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

9. Photograph 1 was registered by the USCO on October 19, 2015 under Registration No. VA 1-976-132.

10. On July 16, 2022, Plaintiff first observed Photograph 1 on the Account in

a post that was dated February 21, 2014. A copy of the screengrab of the Account including Photograph 1 is attached hereto collectively as Exhibit 2.

11. Photograph 1 was displayed on the Account at URL: https://www.facebook.com/saloonminneapolis/photos/782365445125787 (*Exhibit 2- Infringement #1*).

12. On April 16, 2012, Plaintiff authored a photograph of Benjamin Godfre atop an empty saddle ("*Photograph 2*"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

13. Mr. Godfre is a well-known fitness and figure model who is social media famous.

14. Photograph 2 was registered by the USCO on October 19, 2015 under Registration No. VA 1-976-132.

15. On July 16, 2022, Plaintiff first observed Photograph 2 on the Account in a post dated November 28, 2014. A copy of the screengrab of the Account including Photograph 2 is attached hereto collectively as Exhibit 2.

16. Photograph 2 was displayed on the Account at URL: https://www.facebook.com/saloonminneapolis/photos/947483405280656.

17. On February 2, 2011, Plaintiff authored a photograph of Adam Farino with his chest exposed in baseball related apparel with a baseball bat sitting atop his right shoulder ("*Photograph 3*"). A copy of Photograph 3 is attached hereto collectively as Exhibit 1.

18. Photograph 3 was registered by the USCO on December 13, 2011 under

Registration No. VAu 1-085-779.

19. On July 16, 2022, Plaintiff observed Photograph 3 on the Account in a post that is dated February 7, 2014. A copy of the screengrab of the Account including Photograph 3 is attached hereto collectively as Exhibit 2.

20. A copy of Photograph 3 was displayed on Defendant's Account at URL: https://www.facebook.com/saloonminneapolis/photos/a.116974704998201/775144172514581/ (*Exhibit 2-Infringement #3*).

21. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff's copyright protected photographs (hereinafter collectively referred to as "*Photographs*") as are set forth in Exhibit "1" on the Account.

22. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

23. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

24. Each Infringement contains an exact copy of the entirety and/or vast majority of Plaintiff's original image that was directly copied and stored by Defendant on the Account.

25. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

26. Upon information and belief, the Photographs were willfully and volitionally posted to the Account by Defendant.

27. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

28. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

29. Upon information and belief, Defendant monitors the content on its Account.

30. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

31. Upon information and belief, the Infringements increased traffic to the Account and, in turn, caused Defendant to realize an increase in the revenues generated from its sponsored events, merchandise, and/or other associated commodities.

32. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Account.

33. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

34. Furthermore, Defendant's use of Photograph 3 contains added commentary, via Defendant's Account, to the effect of Defendant suggesting a direct relationship and/or association with the subject of Photograph 3, Adam Farino, by which said purported associations would further denigrate Plaintiff's work by erroneously imbuing third party associations with the subject matter of Photograph 3 neither authorized nor warranted.

35. On August 24, 2022, Plaintiff contacted Defendant concerning the infringements. Despite receiving and responding to Plaintiff's notice, Defendant continued to store and display Photograph #3 as of the date of the filing of this complaint thereby dispositively demonstrating the willful nature of Defendant's infringing conduct.

36. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

37. Since creating the Photographs, Plaintiff went on to become world renowned for photographing American and British wounded veterans of war.

38. After achieving notoriety within the veteran and armed forces community, Plaintiff became more selective about when and where he posts any image depicting or alluding to the armed services.

39. Plaintiff also tempered the use of models partially nude in uniform; especially when photographing any veteran subjects since photographing veterans in partial uniform is controversial and within the armed forces community is often frowned upon.

40. The general public familiar with the Plaintiff's work may assume that Plaintiff licensed the images to an entity that makes profit from liquor sales.

41. In November of 2015, Plaintiff released a hardcover photographic volume titled "Always Loyal," a work dedicated to severely wounded U.S. Gulf War Veterans. All the veterans in the book are severely wounded and have had amputations.

42. This work was reported on and recognized by numerous reputed and recognized televisions, print, and online media organizations including but not limited to CNN, Buzzfeed, Redbook, MTV, The Tonight Show, and The View.

43. At the time of the filing of this Complaint, Plaintiff's photography work has a following over 948,000 people on Facebook.com, over 180,000 people on Instagram.com, and over 185,000 people on Twitter.com.

44. Defendant's conduct, by which presumably was to elicit enthusiasm from Defendant's patrons, in the using Plaintiff's images, have a direct consequence of conversely suggesting and/or indicating to the audience Plaintiff has spent years cultivating, that Plaintiff has exploited his status and brand for the sale of liquor which is particularly damaging to Plaintiff's brand.

45. The advertisement created by the Defendant not only exploits the Photographs but also damages the reputation of Plaintiff, and by extension the subjects of Plaintiff's photographic work, by eliminating the exclusivity associated with Plaintiff's images.

46. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

47. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

48. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

49. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

50. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

51. Defendant's reproduction of the Photographs and display of the Photographs on the Account constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

52. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

53. As a result of the Defendant's violations of Title 17 of the U.S. Code, the

court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

54. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photographs by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant

from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: January 18, 2024

Respectfully submitted,

*/s/ DeAijha Oliver*
DeAijha Oliver, Esq.
Minnesota Attorney ID No.:0403070
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (502) 681-4380
Email: dqperr01@gmail.com

**SANDERS LAW GROUP**

*/s/ Renee J. Aragona*
Renee J. Aragona, Esq.
New York Attorney ID No.: 4980595
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 126006
*Pro Hac Vice Motion Forthcoming*

*Attorneys for Plaintiff*